NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
Assistant United States Attorney
Acting Deputy Chief, Organized Crime
 Drug Enforcement Task Force Section
MAX B. SHINER (Cal. Bar No. 187125)
Assistant United States Attorney
Violent & Organized Crime Section
     1400/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: 213-894-5339/3308
     Facsimile: 213-894-0142
     E-mail: shawn.nelson@usdoj.gov
             max.shiner@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: THREE DIGITAL DEVICES CURRENTLY IN THE CUSTODY OF THE FEDERAL BUREAU OF INVESTIGATION, SEIZED ON MAY 23, 2018 FROM GABRIEL ZENDEJAS-CHAVEZ | No. 2:18-MJ-01577<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR FIRST EXTENSION OF TIME WITHIN WHICH TO RETAIN AND SEARCH DIGITAL DEVICES; DECLARATION OF MAX B. SHINER<br><br>**(UNDER SEAL)** |

The United States of America, by and through its counsel of record, Assistant United States Attorney Max B. Shiner, hereby applies for an order extending by 180 days the time within which the government may retain and search digital devices seized pursuant to a federal search warrant.

///

///

///

This application is based on the attached declaration of Max B. Shiner and the files and records of this case, including the underlying search warrant and affidavit in support thereof.

Dated: December 14, 2018    Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


  /s/
MAX B. SHINER
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

**DECLARATION OF MAX B. SHINER**

I, Max B. Shiner, hereby declare and state:

1. I am an Assistant United States Attorney assigned to this investigation for United States Attorney's Office for the Central District of California.

2. This declaration is made in support of a request for an order permitting the government to retain and search, pursuant to the terms of the original warrant in this matter, for an additional 180 days, the following digital devices seized pursuant to the warrant described below on May 23, 2018, from a vehicle driven by GABRIEL ZENDEJAS-CHAVEZ (the "SUBJECT DIGITAL DEVICES"):

    a. An black Apple iPhone;
    b. An white Apple iPhone;
    c. An Apple MacBook laptop computer.

3. On June 18, 2018, Special Agent Joseph E. Talamantez of the Federal Bureau of Investigation ("FBI") obtained a federal search warrant issued by the Honorable Rozella A. Oliver, United States Magistrate Judge ("the warrant"), authorizing the search of three digital devices, that is, the SUBJECT DIGITAL DEVICES listed above in paragraph 2 and further described in Attachment A of the warrant, that had been seized from the possession of GABRIEL ZENDEJAS-CHAVEZ at the time of his arrest on May 23, 2018.

4. The warrant, which is incorporated herein by reference, authorized the search of the SUBJECT DIGITAL DEVICES and provided for their retention by law enforcement for a period of 180 days to allow the government to search such devices for evidence of violations of 18 U.S.C. § 1962(d) (racketeering conspiracy), 21 U.S.C. § 846 (conspiracy to distribute controlled substances), 18 U.S.C. § 1951

(extortion), 18 U.S.C. § 1512 (witness tampering), and 18 U.S.C. §§ 1956 and 1957 (money laundering).  The warrant provided for a two-stage process involving a Privilege Review Team that is tasked with identifying potentially attorney-client privileged information responsive to the search warrant and evaluating those items for privilege before determining whether to turn them over to the Investigation Team.

    5.   This is the first request for an extension.  The current deadline by which the government must complete its review of the SUBJECT DIGITAL DEVICES is December 17, 2018.

    6.   Based on information provided to me by agents and an Assistant United States Attorney assigned to the Privilege Review Team,[1] I understand that, with respect to the two Apple iPhones, the FBI sent these devices to the Orange County Regional Computer Forensics Laboratory ("OCRCFL") on or about July 17, 2018, in order to unlock or decrypt these passcode-protected devices.  To date, the OCRCFL has not been able to unlock the black Apple iPhone and efforts to do so using resources available to the OCRCFL are continuing.  With respect to the white Apple iPhone, the device was successfully unlocked on or about September 5, 2018, and data was downloaded from the device on or about September 11, 2018.  The data downloaded from the white iPhone totaled approximately 22.13 gigabytes.  The Privilege Review Team has begun a search of this downloaded data, but has not yet completed this review.

---

[1] Because the privilege review process set forth in the warrant as a precondition to the Investigation Team receiving any responsive items has not been completed, the Privilege Review Team has not given me any information regarding the substance of any materials on the SUBJECT DIGITAL DEVICES.

2

7. With respect to the Apple MacBook laptop computer, this device was successfully decrypted by the FBI on or about November 13, 2018, and review of the data present on the device began on or about November 27, 2018. Data recovered from the MacBook laptop computer included approximately 2,539 video files, 84,790 graphics files, 1,244 emails, a total of approximately 383,486 document files, as well as three disk images and approximately 3,627 archives. Of these files, the Privilege Review Team has to date reviewed approximately one-third of the email files. The Privilege Review Team has also reviewed the three disk images and the archives to the extent the team is able to do so based on technical capabilities.

8. For the following reasons, the government is requesting an additional 180 days to complete its review of the SUBJECT DIGITAL DEVICES:

   a. The forensic review of digital devices is time consuming. Agents cannot simply turn on computers and review their contents because merely turning on a computer and reviewing its contents changes the data on the computer. Specialized computer software is therefore needed to ensure that evidence remains in a pristine and usable condition, and is not affected by the review process. The review also must be conducted by agents who have received specialized training to ensure that the review is done thoroughly and in a forensically sound fashion. This process takes substantial time.

   b. The SUBJECT DIGITAL DEVICES contain a large quantity of data, including many thousands of files of various types. The iPhone that has been decrypted, for example contained over 22 gigabytes of data. Based on my experience with digital devices, I

3

know that one gigabyte could hold the contents of about ten yards of books on a shelf. One hundred gigabytes could hold an entire library floor of academic journals.

       c.   A search of the contents of the black iPhone has not commenced because efforts to decrypt the device are ongoing, and more time is needed to successfully access the data on the device. The searches of the white iPhone and the MacBook laptop have commenced, but only after a substantial delay due to efforts to decrypt those devices, and review of these devices by the Privilege Review Team has not yet been completed. Moreover, because of the need to conduct a privilege review of all of the items responsive to the categories detailed in Attachment B of the warrant, which may require submitting items to an Assistant United States Attorney on the Privilege Review Team, and/or submitting items to the court for judicial determination of the existence of a privilege for certain items, I believe the two-stage review process will require substantial more time to complete, as it entails review of the 22.13 gigabytes of data from the white iPhone and the even greater volume of data from the MacBook laptop computer. For this reason, the government is requesting an extension of 180 days in order to complete the search under the procedures set forth in the warrant.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: December 14, 2018

                                  */s/ Max B. Shiner*
                                  MAX B. SHINER